NH Dept. of Educ. v. Adams, et al.    CV-94-573-M    04/17/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

New Hampshire Department of Education and
New Hampshire Department of Corrections,
    Plaintiffs

v.                                          Civil No. 94-573-M

City of Manchester School District
and Marc Adams,
    Defendants.


**O R D E R**


In November of 1994, the New Hampshire Department of Education and the New Hampshire Department of Corrections (collectively, the "State"), filed this civil action, appealing a final administrative order issued pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Defendants, the City of Manchester School District (the "School District") and Marc Adams, responded and sought an order affirming the administrative hearing officer's preliminary and final orders.

In March of 1996, the court vacated the orders of the hearing officer dated July 14 and October 6, 1994, and denied the School District's motion for summary judgment and Adams' motion

to dismiss.  It then granted the State's motion for summary judgment to the extent that it sought an order vacating the orders of the hearing officer.  Nevertheless, claiming to have been the "prevailing party," the School District now moves for an award of attorneys' fees.  That motion is denied.[1]

## Background

The factual background to this litigation is set forth in detail in the court's order dated March 21, 1996, and, therefore, it need not be recited again.  The court will, however, briefly address the facts pertinent to the present dispute.

In 1991, Adams was implicated in the death of a three year old girl and, in July of that year, he pled guilty to a related charge of manslaughter.  He was sentenced to a term of 15 to 30

---

[1]  The IDEA authorizes the court, in appropriate circumstances, to award reasonable attorneys' fees "to the parents or guardian of a child" who is the prevailing party.  20 U.S.C. § 1415(e)(4)(B).  Here, the School District is neither the parent nor guardian of Adams.  Accordingly, it is not entitled to an award of fees under the IDEA.  Its claimed entitlement to such an award is based upon New Hampshire common law.  Because the court concludes that the School District is not entitled to such an award on the merits, it need not consider whether the limiting provisions regarding the award of attorneys' fees established in section 1415(e)(4)(B) preempt New Hampshire's common law for purposes of this case, or whether under federal common or other statutory law an award of fees would be legally sustainable.

years in the New Hampshire State prison, where he is currently incarcerated.  In February of 1992, Adams requested a due process hearing under the IDEA, asserting that he was entitled to, but was not receiving, a "free and appropriate" education in the prison.  Prior to the due process hearing, however, the parties executed a settlement agreement, which the hearing officer then entered as his final order (the "Stipulated Order").  That order provided that the School District (with input from the State) would develop an Individualized Education Plan ("IEP") for Adams for each year of a two-year compensatory education program and that the State would implement the IEP at the prison.

Due to his own misbehavior and failure to comply with prison regulations, however, Adams was periodically confined to the prison's Secure Housing Unit ("SHU"), which precluded the State from fully implementing the IEP as written.  Adams and the School District then requested another due process hearing, at which they argued that the State had breached the terms of the Stipulated Order by failing to implement the IEP as written, notwithstanding any change in his circumstances.  The hearing officer agreed and, among other things, ordered the State to implement Adams' IEP, regardless of his prison security

3

classification and notwithstanding the fact that he might periodically be confined to SHU.

The State appealed the hearing officer's decision to this court, which vacated the administrative orders and afforded the parties an opportunity to resolve the dispute without further court intervention. Failing that, the court stated that it would likely appoint an expert and/or master to recommend an appropriate IEP for Adams, taking into account the need to strike a reasonable balance between the prison's legitimate penological interests and Adams' entitlement to a free and appropriate education. The parties then reached a settlement and formulated a new IEP for Adams. See Individual Education Plan for Marc Adams (the "Revised IEP"), Exhibit 1 to the State's Objection. The Revised IEP, unlike its predecessor, acknowledges the State's authority to discipline Adams for reasons related to legitimate security and penological concerns, notwithstanding some possibly inconsistent provision in his IEP. See, e.g., Revised IEP at 3 and 8.

## Discussion

Notwithstanding the court's vacation of the hearing officer's administrative orders (which the School District sought

4

to uphold) and notwithstanding that the parties have negotiated a settlement (in the form of the Revised IEP) which expressly acknowledges that the State's legitimate security interests are not subordinate to Adams' right to a free and appropriate education (contrary to the School District's earlier position in this litigation), the School District says it "prevailed" in the litigation and should be reimbursed by the State for amounts spent on attorneys' fees.

Although the parties appear to have been able to resolve the dispute in a way that satisfies both Adams' claim to appropriate compensatory education and the prison's legitimate security concerns, the position initially taken by both Adams and the School District was not reasonable. As noted by the hearing officer, Adams and the School District sought an order "compelling the State Departments to implement the [original] IEP by allowing [Adams] to take his courses in the Education Building at the State Prison regardless of his classification within the prison system." Decision of hearing officer John LeBrun, dated July 14, 1994. In other words, Adams and the School District asserted that the State was required to provide Adams with educational programming in the prison's separate educational facility, notwithstanding the fact that Adams' prison behavior

5

resulted in his being confined in the prison's Secured Housing Facility 24 hours a day. The court disagreed:

> At the outset it should be recognized that the tail of Adams' IEP cannot wag the dog of his prison sentence, nor can it serve to exempt him from legitimate administrative and disciplinary systems in place within the prison. Stated somewhat differently, Adams is not entitled to an IEP which effectively insulates him from prison discipline and control, particularly if a different IEP could be developed which might serve both his educational needs and the prison's valid security and disciplinary interests, or at least one that did not undermine legitimate penological interests.

N.H. Department of Education v. City of Manchester, No. 94-573-M, slip op. at 18 (D.N.H. March 21, 1996).

In the end, neither Adams nor the School District can properly be viewed as a "prevailing party." The School District is not entitled to reimbursement of its attorneys' fees under any of the theories articulated in its motion. The State never denied Adams' entitlement to a free and appropriate education while in the custody of the New Hampshire Department of Corrections, nor did it dispute its obligation to fund that education. It simply asserted, properly, that Adams could not use his IEP as a special exemption from legitimate and valid prison regulations. On that point, the State, not the School District, prevailed.

6

## Conclusion

For the foregoing reasons, the School District is not entitled to an attorneys' fees award.  Accordingly, its motion for summary judgment on counterclaim for attorneys' fees (document no. 46) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

April 17, 1997

cc:  Nancy J. Smith, Esq.
     Peter S. Smith, Esq.
     H. Jonathan Meyer, Esq.
     Dean B. Eggert, Esq.